IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-CV-202-RAH-KFP |
| | ) |
| MIDLAND CITY HOUSING AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Midland City Housing Authority's Motion to Dismiss (Doc. 35) pro se Plaintiff Angela Denise Nails's Amended Complaint (Doc. 30). Upon consideration of the motion and the parties' submissions, the undersigned RECOMMENDS the Court GRANT Defendant's motion.

**I.      PROCEDURAL BACKGROUND**

Nails initiated this action in the Northern District of Alabama, but it was transferred to this Court based on venue. Doc. 5. Defendant responded to the Complaint with a Motion to Dismiss (Doc. 20), which the Court construed as a Motion for More Definite Statement and granted (Doc. 22).[1] The Court instructed Nails that the Complaint was deficient under Rules 8 and 10 of the Federal Rules of Civil Procedure and directed Nails to file an amended pleading that was compliant with the pleading rules. Nails failed to comply.

---

[1] When Defendant did not initially file a timely response to Plaintiff's Complaint, Plaintiff moved for default judgment. The motion was denied. Docs. 17, 22.

Instead of filing an amended complaint, she filed two motions seeking a default judgment, which were denied.² Docs. 23, 25, 26.

The Court, once again, instructed Nails to file an amended complaint compliant with the Federal Rules of Civil Procedure. Doc. 27. The Court cautioned Nails that a failure to comply could result in dismissal of the action. Nails, again, filed motions for default judgment (Docs. 31, 32, 33); again, the Court denied the motions (Doc. 34). The Court noted, "Plaintiff's repeated filing of motions seeking relief that has already been denied is unacceptable and a waste of the Court's scarce and valuable resources." Doc. 34.

Nails did file an Amended Complaint (Doc. 30), and Defendant has moved to dismiss the pleading (Docs. 35, 36). Defendant's motion argues for dismissal under Rule 12(b)(6) asserting that the amended pleading fails to state a claim upon which relief can be granted.

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed,* Inc., 693 F.3d 1317, 1321–22 (11th Cir.2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

² These were Plaintiff's second and third motions for default.

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court has a duty to liberally construe pro se pleadings and has made great efforts in an attempt to glean an understanding of the substance of the Amended Complaint.

**III. PLAINTIFF'S LITIGATION HISTORY**

Notably, Nails is no stranger to federal court litigation. She has filed more than 60 cases in this court since 2006. *See Nails v. Thompson*, No. 2:10-CV-1078-MEF, 2011 WL 53065, at *1 (M.D. Ala. Jan. 7, 2011) ("Including this case, it appears that Nails has filed forty-six pro se lawsuits in this Court since 2006."); *Nails v. Ultimate Bus. Sols.*, No. 1:06CV797-MHT, 2007 WL 98718, at *1 n.1 (M.D. Ala. Jan. 11, 2007) ("So far this year and the second half of last year, in what is developing into a clear abuse of the legal process, Nails has brought 21 lawsuits in forma pauperis, of which 15 have already been summarily dismissed. She seems to be suing everyone with whom she has a dispute, no matter how minor, and asking for exorbitant sums in damages."); *Dothan Housing Authority v. Angela Denise Nails*, 1:07cv834-MHT-CSC, Doc. 2 (noting in attempted appeal from a decision of the District Court of Houston County, Alabama that as of September 2007, Nails had filed 25 cases in the Middle District of Alabama during 2006 and 2007). Her prolific filings in federal court are not contained within this district.

According to the Southern District of Georgia, Nails has filed at least eleven cases there since November 2020. *Nails v. Davis*, No. CV422-110, 2022 WL 1908831, at *3 (S.D. Ga. May 9, 2022 (citing *Nails v. Doing Bus. as Nails*, MC420-009 (S.D. Ga. Nov.

3

3, 2020); *Nails v. City Chatham Cnty. Tax Comm'n*, CV421-032 (S.D. Ga. Feb. 3, 2021); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033 (S.D. Ga. Feb. 3, 2021); *Nails v. Savannah Plastic Surgery, et al.*, CV421-153 (S.D. Ga. May 14, 2021); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. May 19, 2021); *Nails v. Hilliard*, CV421-364 (S.D. Ga. Dec. 27, 2021); *Nails v. Hilliard*, CV421-364 (S.D. Ga. Dec. 27, 2021); *Nails v. St. Joseph Candler Hosp.*, CV422-077 (S.D. Ga. Apr. 4, 2022); *Nails v. Leeds Gate Townhouse Ass'n,* CV422-078 (S.D. Ga. Apr. 4, 2022); *Nails v. City of Savannah*, CV422-098 (S.D. Ga. Apr. 15, 2022); *Nails v. FNU LNU*, CV422-103 (S.D. Ga. Apr. 18, 2022); *Nails v. City Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) adopted doc. 8 (S.D. Ga. June 14, 2021) (dismissing complaint for failure to establish jurisdiction); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) adopted doc. 8 (S.D. Ga. June 14, 2021) (dismissing Plaintiff's complaint for failure to establish jurisdiction); *Nails v. FNU LNU*, CV422-103, doc. 13 at 3 (S.D. Ga. May 2, 2022) (dismissing case after finding that Nails did not provide a "sufficient, non-frivolous basis" for the Court to exercise subject matter jurisdiction); *Nails v. Savannah Plastic Surgery*, CV421-153 (S.D. Ga. May 21, 2021); *Nails v. Hilliard*, CV421-364 (S.D. Ga. Feb. 10, 2022); *Nails v. Doing Business as Nails*, MC420-009 (S.D. Ga. Nov. 5, 2020) adopted (S.D. Ga. Nov. 24, 2020) (denying IFP motion and dismissing case for submitting application demonstrating sufficient assets to pay filing fee); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. Aug. 26, 2021) adopted (S.D. Ga. Sept. 13, 2021) (dismissing case for failure to comply with the Court's instructions)).

Additionally, Nails's abuses of the federal court system have been noted in the Eastern District of Michigan, which has imposed filing restrictions "prohibiting Angela Nails from filing any further actions in [that Court] unless she first obtains the written permission of a judge in [the] district." *Nails v. City of Dearborn*, 2022 WL 1194057, at *1 (E.D. Mich. Apr. 21, 2022).

As this Court and the Southern District of Georgia have observed, Nails "appears to file a federal lawsuit at the slightest inconvenience." *Nails v. Davis*, No. CV422-110, 2022 WL 1908831, at *3 (S.D. Ga. May 9, 2022) (citing *Nails v. Leeds Gate Townhouse Ass'n, LLC*, CV422-078, doc. 1 at 1 (S.D. Ga. Apr. 4, 2022) (suing homeowners' association because dogs are permitted to roam in the neighborhood, neighbors play loud music, trash is thrown over her fence, and teens visit the neighborhood); *Nails v. St. Joseph Candler Hospital*, CV422-077, doc. 1 at 1-3 (S.D. Ga. Apr. 4, 2022) (suing hospital over interaction with lab employees where employees told her the lab was closed and would not retrieve her lab results); *Nails v. City of Savannah*, CV422-098, doc. 1 at 1 (S.D. Ga. Apr. 15, 2022) (suing city, police department, and police officer for not adequately recording Plaintiff's complaint that she had been called names in public and suffered bruising while donating plasma); *Nails*, 2007 WL 98718, at *1 n. 1 ("She seems to be suing everyone with whom she has a dispute, no matter how minor, and asking for exorbitant sums in damages."). This case is no exception.

IV. **NATURE OF THE CASE**

Despite her lengthy experience in federal court, Nails's Amended Complaint is difficult to decipher. The Court interprets her Amended Complaint to allege that

5

Defendant's actions violate the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq. The Court interprets the action as one intending to assert claims for discrimination and retaliation based on how Defendant handled her Section 8 housing voucher.

As best the Court can understand it, Nails contends that she became eligible for a Section 8 voucher (at some unidentified time) and that Defendant sent her notice of that eligibility by mail. Nails asserts this original mailing was untimely. Doc. 30 at 1. At Nails's request, Defendant agreed to instruct a manager to mail her another set of "forms and notice." Doc. 30 at 1; 4, ¶ 3-4. Nails wished, instead, the notice to be sent to her by email. Defendant refused to send it to Nails by email. Doc. 30 at 1. At some point, again unidentified, Nails discussed her Section 8 voucher with Defendant by telephone. Doc. 30 at 1.

Nails asserts that Defendant's unnamed employees are white and that she is African American. Doc. 30 at 2. Nails alleges that she "has been unsuccessful as an African American to receive a Section 8 voucher under the financial federal program because of the white management authority. . . . because of mail not coming timely." Nails pleads that the voucher eligibility notice was (untimely) mailed ("The defendant manager mail forms and notice with date and time to call [Defendant] because the Plaintiff name reached top of [Defendant's] Section 8 housing voucher award . . . ."). And, confusingly, she also pleads that she never received the voucher notice. Doc. 30 at 1 and 3. Nails complains that Defendant never gave her a time to call to discuss the voucher but also alleges she did have a telephone conversation with someone associated with Defendant. Doc. 30 at 1.

Nails also contends that "years ago" when she was receiving Section 8 housing under Defendant, she was successful following a hearing in maintaining her housing. Doc. 30 at 3. It appears she relies on this "years ago" favorable finding to contend she was the victim of retaliation.

## V.   DISCUSSION

Section 8 of the FHA provides affordable housing choices for low-income qualified families with the help of vouchers to subsidize their monthly rent payment. *See* 42 U.S.C. §§ 3601 et. seq. The FHA makes it unlawful to "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The FHA also provides that "'it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed' any right granted or protected under the FHA." *Wood v. Briarwinds Condo. Ass'n Bd. of Directors*, 369 F. App'x 1, 3 (11th Cir. 2010) (quoting 42 U.S.C. § 3617)).

Defendant argues that the Amended Complaint fails to state a claim on which relief can be granted.[3] Doc. 30. Defendant asserts that the amended complaint fails to set forth facts that meet the plausibility standard under *Iqbal* and *Twombly*. For the reasons discussed below, the undersigned agrees that Nails fails to satisfy the pleading standard.

---

[3] Although ordered to respond and show cause why Defendant's motion should not be granted (Doc. 37), Nails failed altogether to substantively respond to Defendant's argument. Instead, Nails, once again, argued that Defendant failed to timely respond to her initial pleading, an issue the Court has already addressed many times. See Docs. 22, 26, 34.

First, Nails's discrimination allegations are far too vague and conclusory to satisfy Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678 (citation omitted); *Twombly*, 550 U.S. at 555. "In order to prevail on a claim under the FHA, a plaintiff must demonstrate 'unequal treatment on the basis of race that affects the availability of housing[]' [by showing for a disparate treatment claim] . . . that the defendants actually intended or were improperly motivated in their decision to discriminate against persons protected by the FHA." *Bonasera v. City of Norcross*, 342 F. App'x 581, 584 (11th Cir. 2009) (quoting *Jackson v. Okaloosa County Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994)). Nails's bare bones allegations, despite amendment, that she is African American and someone working for Defendant or some other unidentified Section 8 housing recipients are white will not support a discrimination claim against a housing authority. Although she alleges she did not become a resident, she does not assert that her Section 8 voucher was wrongfully terminated or denied. Indeed, she alleges she was informed of her eligibility. Nails alleges she discussed her eligibility with someone employed with Defendant, that she did not receive a (timely) mailed or emailed form or notice about that eligibility, and that she "d[id] not become a part of the Midland City Housing Authority section 8 voucher program[.]" Doc. 30 at 3. She fails to allege who did what, when they did it, and, most importantly, how that conduct was allegedly discriminatory. Indeed, what specifically she complains about is far from clear.

While a plaintiff need not prove the claim at the motion to dismiss stage, she must allege enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

550 U.S. at 556). Here, the Court cannot assess the plausibility of a discrimination claim that fails to allege even the most basic facts. *See, e.g. Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (discussing sufficiency of Title VII discrimination complaint and noting it "need not allege facts sufficient to make out a classic prima facie case, but must simply provide enough factual matter to plausibly suggestion intentional discrimination"). The claim, therefore, must be dismissed.

Likewise, her vague assertion that a "years ago" favorable administrative hearing is connected to her present-day perceived slight of not receiving Section 8 information (at all, via email, or delinquently) falls short of the plausibility standard. A claim of retaliation requires a plaintiff to allege that "(1) he participated in a statutorily protected activity or expression; (2) he suffered an adverse action; and (3) there was a causal link between the adverse action and the protected activity or expression." *Hammonds v. Montgomery Children's Specialty Ctr., LLC*, 594 F. Supp. 3d 1280, 1288 (M.D. Ala. 2022) (setting out the prima facie elements for a retaliation claim under § 504 of the Rehabilitation Act and noting that "[t]he retaliation framework under § 3617 [of the FHA] is identical to that under § 504.") (quotations and citations omitted). "The FHA provides that it is unlawful 'to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by' the FHA discrimination provisions." *Id*. (quoting 42 U.S.C. § 3617).

Nails alleges the "years ago" favorable administrative hearing was related to a 14-day notice, but there are no facts pleaded about the nature of the 14-day notice. There are no facts, for example, to determine that this prior action was in any way related to

9

allegations of discrimination in housing. Thus, she cannot state a claim for retaliation. *Id*. (dismissing FHA retaliation claim where plaintiff failed to allege protected activity although he alleged complaints to facility management about abuse, mistreatment, neglect, and exploitation, his allegations were not about unlawful discrimination); *see also Tigress Sydney Acute McDaniel v. VTT Management, Inc*., 2018 WL 4494985 (W.D. N.C. 2018), *aff'd on other grounds*, 748 Fed. Appx. 563 (4th Cir. 2019) (dismissing plaintiffs' retaliation claim brought pursuant to 42 U.S.C. § 3617 on grounds that plaintiffs' code enforcement complaints and rent abatement action against the defendants were not based on any claims of discriminatory treatment or retaliation against the plaintiffs because of their race, color, religion, sex, familial status, or national origin).

Nails also does not allege the relevant dates related to the timing of the perceived retaliatory action. Thus, even assuming her "years ago" action qualifies as protected activity, there are no facts to connect it to a present-day adverse action. Additionally, the mere fact that the purported protected activity occurred "years ago" fells any attempt to make plausible a connection between the vaguely asserted and attenuated events. *See Fisher v. SP One, Ltd*., No. 8:11-cv-1889, 2013 WL 268684, at *8 (M.D. Fla. Jan. 24, 2013) (stating that a "span of nearly six months between [Plaintiff's FHA] protected activity and the alleged retaliatory conduct without more, insufficient to satisfy the element of causation through reliance on temporal proximity") (citing *Hidgon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004) (finding a three-month period, without more, did not allow a reasonable inference of causal connection for an ADA retaliation claim)). Therefore, Nails also fails to plausibly plead the necessary causal connection between any

exercise of a right protected under the FHA and an adverse action by Defendant, and the claim cannot move forward.[4]

Finally, Nails provides no authority requiring that she receive Section 8 voucher information by email or that she is entitled to a phone call at a set date and time to discuss the voucher with Defendant, and the Court is aware of none. Nails acknowledges receiving notice of her Section 8 eligibility (at some unidentified time), as she discussed it with an employee of Defendant. Her complaint about the means by which the information was delivered to her—the perceived email malady—or the Defendant's failure to set a date and time for a follow-up telephone discussion does not have legal footing. Additionally, her complaint that she did not receive timely notice of her eligibility fails to state a claim. She provides no information regarding the timing—no dates at all are contained in the Amended Complaint. The plausibility of a claim based on the timeliness of a delivery cannot be ascertained absent pleading when the critical events actually occurred. For this additional reason, Nails fails to state a claim on which relief can be granted.

For the foregoing reasons, the Amended Complaint must be dismissed.

## VI.  PRIVILEGE OF FILING AN IN FORMA PAUPERIS IN FEDERAL COURT

Nails is advised the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a right of access to courts, which is constitutionally

---

[4] Nails also alleges she had an "agreement" with Defendant that "the defendant would sign another agreement with the landlord to follow section 8 housing rental management rules would apply" and that "defendant allowed the agreement to become voided between [Defendant] and the landlord." Doc. 30 at ¶¶ 6–9. These allegations are unintelligible. Nails attempts to relate this "agreement" involving the unidentified landlord to the "years ago" favorable hearing. Whatever these allegations are intended to convey, they fail to nudge her claim forward.

11

secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources but also to prevent abuses, including by those who may be tempted to bring grievances unresolved in other forums or for which there simply is no remedy.

This Court also deems it appropriate to advise Nails that pro se litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
>    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Additionally, Nails is reminded that a plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting "an inquiry reasonable under the circumstances" in order to inform her "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others

similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED.

Further, it is ORDERED that by **February 3, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 20th day of January, 2023.

                                              /s/ Kelly Fitzgerald Pate
                                              KELLY FITZGERALD PATE
                                              UNITED STATES MAGISTRATE JUDGE